**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GREGORY SIMS,<br><br>Plaintiff,<br><br>v.<br><br>MONMOUTH COUNTY CORRECTIONAL FACILITY, *et al.*,<br><br>Defendant. | Civil Action No. 26-6054 (GC) (RLS)<br><br>**MEMORANDUM & ORDER** |

**CASTNER, District Judge**

This matter comes before the Court upon review of its docket and the return of Plaintiff Gregory Sims' mail as undeliverable. (ECF Nos. 4-6.) For the reasons explained in this Memorandum & Order, the Court will administratively terminate this matter pursuant to L. Civ. R. 10.1 and provide Plaintiff with 30 days to update his address.

Plaintiff was detained at Mid-State Correctional Facility in Wrightstown, New Jersey, when he filed this civil rights action. (ECF No. 1.) On June 22, 2026, the Clerk of the Court issued summonses, which were mailed to Plaintiff at Mid-State Correctional Facility. (ECF No. 3.) On July 1, 2026, the Clerk of the Court docketed the mail and envelope, which were returned as undeliverable. (ECF No. 4.) The envelope is stamped with the following note: "REFUSED, Not in Building." (*Id.* at 1.) On July 10, 2026, Plaintiff's mail was again returned as undeliverable. (ECF No. 5.) The notation on the second envelope states: "RETURN TO SENDER NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD." (*Id.* at 1.) The Clerk of the Court noted that it updated the mail with Plaintiff's updated prisoner ID

number and re-sent the documents to Plaintiff, however on July 22, 2026, the Clerk of the Court again docketed the mail and envelope, which were returned as undeliverable. (ECF No. 6.) The notation on the third envelope states: "RETURN TO SENDER UNCLAIMED UNABLE TO FORWARD." (*Id.* at 1.)

Pursuant to L. Civ. R. 10.1, an unrepresented party must update his or her address within seven days and file a notice with the Court. *See* L. Civ. R. 10.1(a) ("Counsel and/or unrepresented parties must advise the Court of any change in their or their client's address within seven days of being apprised of such change by filing a notice of said change with the Clerk."). Plaintiff has not updated his address in compliance with L. Civ. R. 10.1, and it is not clear whether he intends to pursue this matter. At this time, the Court will ADMINISTRATIVELY TERMINATE this matter pursuant to L. Civ. R. 10.1. If Plaintiff responds to this Order in writing within 30 days, the Court will reopen this matter for adjudication. If Plaintiff fails to respond to this Order within 30 days, this matter may be dismissed for failure to prosecute under Fed. R. Civ. P. 41.

**THEREFORE, IT IS,** on this 29th day of October, 2026,

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** Civil Action Number 26-6054 pursuant to L. Civ. R. 10.1 because Plaintiff has not updated his address; and it is further

**ORDERED** that administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is timely reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriffs Dep't*, 413 F. App'x 498, 502 (3d Cir. 2011) ("[The] statute of limitations

is met when a complaint is submitted to the clerk before the statute runs"); and it is further

**ORDERED** that if Plaintiff responds to this Order in writing within 30 days, the Court will reopen this matter; and it is further

**ORDERED** if Plaintiff fails to respond to this Order within 30 days, this matter may be dismissed for failure to prosecute under Fed. R. Civ. P. 41, *see, e.g., Bricker v. Turner*, 396 F. App'x 804, 804 n.1 (3d Cir. 2010) (per curiam) (affirming district court's order dismissing civil rights action without prejudice as a sanction for failure to obey a court order or for failure to diligently prosecute); and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order to Plaintiff at the address on file.

Georgette Castner

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**